Cowin, J.
Defendant has moved to dismiss the indictments because the grand jury was presented with false or deceptive evidence that affected its decision to indict. Specifically, the grand jury was told (a) that the defendant was “not identified at the scene by either” victim and (b) that in the confusion at the scene the defendant “slid off to the side and disappeared.” I find that each of these statements was knowingly false or deceptive and that together they were presented to the grand jury in order to facilitate the obtaining of an indictment. See Commonwealth v. Mayfield, 398 Mass. 615 (1986).
The statement that the defendant was not identified at the scene suggests that he either was not presented to the victims for identification or that the victims were shown the defendant and were unable to say whether he was the perpetrator. This differs significantly and materially from the statements in the police reports; i.e., that the defendant was shown to the victims and that they stated that he was present at the time but was not one of the attackers. The police as well as the prosecution are aware of the difference between lack of opportunity to identify or an inability to say yes or no and an actual disavowal that the defendant was an attacker.
This misstatement is not cured by the testimony to the grand juiy that both victims later identified the defendant in two separate photo arrays. The crucial *178 importance of an identification in the immediate aftermath of the crime has been emphasized by our appellate courts. See, for example, Commonwealth v. Harris, 395 Mass. 296 (1985). An immediate show-up is so important that such identifications are permitted on a one-on-one basis (contrary to the generally permitted practice) and a short detention of the suspect is permitted so that such show-ups can be undertaken.
The misstatement as to the failure to identify was compounded by the further misstatement to the grand jury that the defendant “slid off to the side and disappeared.” This statement is in direct contradiction to contents of the reports of two different officers that the defendant was “allowed to leave” the scene. This second misstatement strongly implied that the defendant left the scene without being authorized to do so and, contrary to the facts contained in the police reports, suggests flight and consciousness of guilt. Thus, I find that this second misstatement was the product of an effort to mitigate the exculpatory evidence of the on-scene identification of the defendant. The two misstatements in tandem support the finding that the deceptive or false evidence was knowingly presented in an effort to obtain an indictment.
Accordingly, it is hereby ORDERED that the indictments against this defendant be DISMISSED without prejudice.